UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| | : | CRIMINAL CASE NO. |
| UNITED STATES OF AMERICA | : | 3:99-CR-00232 (JCH) |
| | : | |
| v. | : | |
| | : | |
| GARY GARNER, | : | |
|     Defendant. | : | |
| | : | DECEMBER 1, 2014 |
| | : | |

**RULING RE: MOTION FOR CLARIFICATION (Doc. No. 33)**

On October 9, 2014, this court issued an order granting defendant Gary Garner's ("Garner") Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and reducing his previously imposed sentence of imprisonment of 315 months to 223 months.  Order (Doc. No. 31).  Garner has filed a Motion for Clarification regarding this Order.  Motion of Clarification ("Def. Mot.") (Doc. No. 33).  Specifically, Garner questions the court's application of the career offender guideline, which he submits was not applied at the initial sentencing.  Id.

Garner's understanding that the career offender guideline, § 4B1.1, was not applied at the initial sentencing is incorrect.  At Garner's initial sentencing, the court found that Garner was a career offender and thus subject to the provisions of § 4B1.1.  Those provisions were then applied as follows.  At the initial sentencing, the base offense level (based on 150-500 grams of crack) was 34 under § 2D1.1(c)(3).  A 2-level increase for possession of a firearm was applied under § 2D1.1(b)(1), as was a 1-level increase under § 2D1.2(a)(2) because the offense occurred within 1,000 feet of a school.  This adjusted offense level of 37 from Chapter Two ("the offense level

1

otherwise applicable" under § 4B1.1(b)) was higher than the offense level of 34 under § 4B1.1(b), and thus was the offense level used, as instructed under § 4B1.1(b).  This is the proper application of the career offender guideline under 4B1.1(b).

Amendment 750, in assessing whether a defendant is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2), applies if the amendment lowers the applicable guideline range.  Garner's status as a career offender remains unaffected by the amendment.  However, because "the offense level otherwise applicable" under Chapter Two – the adjusted offense level of 31 – is no longer greater than the offense level from § 4B1.1(b) of 34, the offense level from 4B1.1(b) of 34 is now used.  After a reduction for acceptance of responsibility, Garner's total offense level is now 31.  Thus, Garner was eligible for a reduction, because his total offense level is now 31 as compared to a total offense level of 34 at the initial sentencing.  However, he is not entitled to an additional reduction based on the offense level from Chapter Two, because, pursuant to § 4B1.1(b), if the offense level from § 4B1.1(b) is greater than "the offense level otherwise applicable," the offense level from § 4B1.1(b) applies.

Thus, Garner's Motion for Clarification (Doc. No. 33) is **DENIED**.

**SO ORDERED.**

Dated this 1st day of December, 2014 at New Haven, Connecticut.


　　　　　　　　　　　　　　　　　　　  /s/ Janet C. Hall
　　　　　　　　　　　　　　　　　　　Janet C. Hall
　　　　　　　　　　　　　　　　　　　United States District Judge